SUMMARY ORDER
Petitioner Bunard Marimootoo Ramah, a citizen of Guyana, petitions for review of an order of the BIA affirming a decision of an immigration judge (“IJ”) rejecting his application for asylum, withholding of removal, and Convention Against Torture (“CAT”) relief. We assume the parties’ familiarity with the facts, the procedural history, and the issues on appeal.
“Where the BIA adopts the decision of the IJ and merely supplements the IJ’s decision, ... we review the decision of the IJ as supplemented by the BIA.” Yan *139 Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005); see also Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005) (finding that, when the BIA affirms the IJ’s holding in all but one respect, “we review the judgment of the IJ as modified by the BIA’s decision—that is, minus the single argument for denying relief that was rejected by the BIA”). This Court reviews the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. See 8 U.S.C. § 1252(b)(4)(B); Zhou Yun Zhang v. INS, 386 F.3d 66, 73 (2d Cir.2004).
Ramah’s argument that the IJ behaved in such a way as to deny him a fair and impartial hearing is not supported by the record. First, the IJ was not unfair in asking Ramah to speak louder so his voice could be heard on the recordings being made of the hearing. Secondly, the IJ, at times, questioned Ramah, however, this Court has found that “the IJ has an affirmative obligation to help establish and develop the record in the course of [immigration] proceedings.” Secaida-Rosales v. INS, 331 F.3d 297, 306 (2d Cir.2003). There is no indication that the IJ’s questions were designed to do anything but develop the record, and the transcript does not demonstrate that the IJ was hostile towards Ramah. Further, the record indicates that the IJ postponed the hearing for several weeks so that Ramah’s counsel could supplement his file with additional articles regarding the conditions in Guyana. As such, Ramah’s allegation that the IJ did not cooperate in the development of the record is not supported.
With regard to Ramah’s argument that he had established that he was persecuted in Guyana, this Court has explained that persecution entails “more than threats to life and freedom,” and that persecution involves “the infliction of suffering or harm upon those who differ on the basis of a protected statutory ground.” Ivanishvili v. U.S. Dep’t of Justice, 433 F.3d 332, 341 (2d Cir.2006) (internal quotations omitted). We cannot say the IJ erred in finding that Ramah’s experiences did not rise to the level of persecution.
With regard to Ramah’s challenge to the IJ’s adverse credibility determination, the record indicates that the IJ made a favorable credibility determination, and only noted that he did not necessarily believe every detail of Ramah’s testimony, and that Ramah’s testimony was not exactly the same as his wife’s. The IJ did not cite specific testimony that was inconsistent, did not indicate specific details of Ramah’s testimony that he did not believe, and never stated that he was making an adverse credibility determination as to any portion of the evidence presented. Since an adverse credibility determination must be based on “specific, cogent reasons” that “bear a legitimate nexus” to the finding, Zhou Yun Zhang, 386 F.3d at 74 (quoting Secaida-Rosales, 331 F.3d at 307 (internal quotations omitted)), if the IJ did intend to make an adverse credibility finding, it was not supported by substantial evidence. However, even if the IJ erred in failing to specify the nature and specifics of any adverse credibility determination, remand is not necessary because the IJ and BIA properly found that Ramah failed to allege past or future persecution or torture and, therefore, did not qualify for relief. See Xiao Ji Chen v. U.S. Dep’t of Justice, 434 F.3d 144, 161 (2d Cir.2006) (“an error does not require a remand if the remand would be pointless because it is clear that the agency would adhere to its prior decision in the absence of error”).
For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the *140 Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).